UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ONYETT FABRICATORS, INC.,             )<br>            Plaintiff,             )<br>                                                      )<br>    vs.                                            )<br>                                                      )<br>POWERPLANT INDUSTRIAL, LLC,,    )<br>            Defendant,             )<br>                                                      )<br>                                                      )<br>    vs.                                            )<br>                                                      )<br>UNITED STATES OF AMERICA -      )<br>INTERNAL REVENUE SERVICE,      )<br>            Third Party Defendant.             )<br>                                                      ) | 3:05-cv-220-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION FOR CERTIFICATE OF DISCHARGE OF**

**PROPERTY FROM FEDERAL TAX LIEN**

Onyette Fabricators, Inc. ("Onyett") held a judgment against Power Plant Industrial, LLC ("Power Plant"). It successfully sought to attach certain of Power Plant's assets, including a 1998 pick-up truck, through litigation in the Circuit Court in Pike County, Indiana. The attachment order of the Circuit Court was entered on October 24, 2005. Subsequently, in December of 2005, the United States was added as a third party in the state court litigation as a result of its prior perfected federal tax lien on all of Power Plant's property. The United States removed the matter here. Onyett then filed a Petition for Certificate of Discharge of Property from Federal Tax Lien, seeking to rid itself of the government's claim of interest in the pick-up. Following the government's response to the "petition," Onyett filed a Notice of Intent to Hold

-1-

Possessory/Storage Lien.  This court will treat the Petition for Certificate of Discharge of Property from Federal Tax Lien as a motion and address it accordingly.

Here is the "nitty-gritty."  Onyett was quick to the draw in seeking attachment and overlooked the federal government's perfected and overriding tax lien.  The value of the used pick-up truck (approximately $4,000) was quite limited when compared to the government's more than $600,000 tax lien, but there appears to be no dispute that the government's lien was perfected and the United States should have been brought in as an interested party before any attachment order was pursued or issued.  Onyette, in its request to this court for discharge of the lien on the truck says "all things considered" the pick-up ought to be looked at as "minnow" which slipped past the IRS net.  Even if this court has the power to let minnows slip through government nets, something the United States argues to the contrary quite strongly, there is no real equitable reason to allow that here.  Because it failed to bring in the United States when it first sought attachment, Onyett is the author of its own botheration.  Therefore, its request for discharge will be denied.

The likelihood of this court's ruling against it on its request that the tax lien be discharged must have been apparent to Onyette, since it filed a separate notice of its intent to seek payment of a sort for keeping and maintaining the pick-up.  It says it is entitled to a "possessory lien" for having restored, insured and maintained the vehicle while the government sat on its rights.  While acknowledging the Code's allowance of certain possessory liens, the United States says no such lien is available to Onyett under these circumstances.

Pursuant to 26 U.S.C. § 6323(b)(5), a possessory lien provided for by local law can be protected against the government's lien in certain circumstances. However, Ind. Code § 26-1-9.1-333, the state statute which Onyett relies on in part for its assertion of a possessory lien, requires that the possession be, in effect, security for services rendered with respect to the possessed property in the ordinary course of the possessor's business. That does not appear to be the case here as Onyett is not in the business of car storage or repair.

There is one set of circumstances which this court believes would cause Onyett to be equitably entitled to some form of remuneration from the government when it turns over the pick-up truck or a discount when it makes payment to the government in order to keep it. If the evidence shows that Onyett has increased the value of the truck through restorative efforts, it would certainly be entitled to the increased value it bestowed upon the truck. However, the record before us is not sufficient to allow for such a determination. Further, the court hopes that with this ruling, the parties can reach a negotiated resolution of this matter, so as not to require a trial on the issue of the value of the truck.

## Conclusion

For the reasons discussed, Onyette's Petition for Certificate of Discharge of Property From Federal Tax Lien (**Document #15**) is DENIED.

IT IS SO ORDERED this 8th day of February 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Lincoln Avery Baker
admin@lincolnbakerlaw.com

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
erin.lewis@usdoj.gov

POWER PLANT INDUSTRIAL, LLC
Laporia Chambers
955 Treeland Drive
Newburgh, IN 47630